**HENG WANG & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
305 Broadway, Suite 1000
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
heng.wang@wanggaolaw.com

*Attorney for Plaintiff, FLSA Collective Plaintiffs
And the Rule 23 Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ABDUL A. ROZIER, on behalf of himself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiffs, | **Case No.: 1:20-cv-548** |
| v. | **COLLECTIVE ACTION & CLASS ACTION FIRST AMENDED COMPLAINT** |
| OLME.US, LLC, d/b/a DUTCH EXPRESS, DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS, DUTCH EXPRESS, LLC, d/b/a DUTCH EXPRESS DUTCH EXPRESS II, LLC, d/b/a DUTCH EXPRESS, MARCUS HOED, ARIELLA AZOGUI, AVIV SISO, JOHN DOE 1-5, and COMPANY ABC 1-5 | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff ABDUL A. ROZIER, by and through his undersigned counsel, by way of Complaint against Defendants OLME.US, LLC, d/b/a DUTCH EXPRESS, DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS,DUTCH EXPRESS, LLC, d/b/a DUTCH EXPRESS, DUTCH EXPRESS II, LLC, d/b/a DUTCH EXPRESS II, LLC, d/b/a DUTCH EXPRESS (collectively, "Dutch Express"), MARCUS HOED ("Hoed"), ARIELLA AZOGUI ("Azogui"), AVIV SISO ("Siso"), John Doe 1-5, Company ABC 1-5, state as follows:

- 1 -

**INTRODUCTION**

1. Plaintiff brings this lawsuit because he is entitled to unpaid wages pursuant to the Fair Labor Standards Act (hereinafter, "FLSA") and the New York Labor Law (hereinafter, "NYLL").

2. Among other things, Defendants failed to pay minimum wage, and illegally withheld wages and tips earned by the workers, including Plaintiff.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Plaintiff was employed by Defendants in this district, and thus all transgressions occurred in this district.

**PARTIES**

6. Plaintiff is an individual who resides in the City of New York.

7. Defendant OLME.US, LLC, d/b/a DUTCH EXPRESS is a limited liability company that conducts business in the State of New York.

8. Defendant DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS, is a limited liability company that conducts business in the State of New York.

9. Defendant DUTCH EXPRESS, LLC, d/b/a DUTCH EXPRESS is a limited liability company that conducts business in the State of New York.

10. Defendant DUTCH EXPRESS II, LLC, d/b/a DUTCH EXPRESS is a limited liability company that conducts business in the State of New York.

11. Defendants Hoed, Azogui, and Siso operate and control Dutch Express's day-to-day operations and management.

12. John Doe 1-5 are fictitious names of the individuals associated with Defendants, whose true names are unknown.

13. John Doe 1-5 are fictitious names of the entities associated with Defendants, whose true names are unknown.

14. Dutch Express has been sued multiple times for violations of the FLSA and the NYLL.

15. Upon information and belief, Dutch Express started to use the entity name OLME.US, LLC in order to escape from liability under the labor law statutes.

16. All corporate defendants conducted or conduct business under the name of Dutch Express.

17. Corporate defendants are alter ego of each other, and should be all held liable.

## FACTUAL ALLEGATIONS

18. Dutch Express is a contractor of Amazon which provides courier services for Amazon Prime Now.

19. Amazon Prime Now is a website and mobile application where customers can place orders for fast same-day delivery.

20. Plaintiff was hired by Dutch Express as a foot messenger on December 6, 2019, and currently is still being employed by the latter.

21. Plaintiff's job duties include performing delivery work for Amazon Prime Now.

22. Plaintiff was informed by Defendants that he would be paid $15/hour.

23. Plaintiff worked 5 days a week.

24. Plaintiff was paid on a weekly basis.

25. Defendants would give the workers, including Plaintiff, their work schedule for the following week on Fridays, through a phone application Humanity.

26. The work schedule given to Plaintiff was either 5:30 am – 1:30 pm, or 6:30 am – 2:30 pm, for 8 hours.

27. Plaintiff would report to work pursuant to the work schedule provided to him ahead of time.

28. The workers, including Plaintiff, were required to punch in when they reported to work, and punch out when they left for the day.

29. Upon arrival, the workers, including Plaintiff, were required to wait for the packages given to them for delivery.

30. However, pursuant to their company-wide policy, Defendants have not paid the workers, including Plaintiff, for their waiting time.

31. When the first package was given to a worker, the worker would scan it with a phone application Amazon Flex, which would create a time entry.

32. Defendants calculated the workers' pay based on this time entry, and failed to pay for their substantial waiting time.

33. The price paid by customers through Amazon Prime Now, by default, includes a tip.

34. However, Defendants retained the tips, in whole or in part, and failed to provide to the tips to the workers, including Plaintiff.

35. The workers, including Plaintiff, use subway on a daily basis to perform delivery work in the City of New York.

36. However, Defendants have failed to pay for the workers' MetroCard expenses.

37. In fact, Defendants directly deducted MetroCard costs from the workers' paychecks.

38. Defendants failed to pay the workers, including Plaintiff, for all hours worked.

39. Defendants Hoed, Azogui, and Siso are owners of the corporate defendants. They each excised operation control as it relates to all employees and former employees, including Plaintiff, FLSA Collective Plaintiffs and the Rule 23 Class.

40. Defendants exploited the powerless delivery workers, including many immigrants and homeless people who are afraid of speaking out, for profits.

## CLASS AND COLLECTIVE ALLEGATIONS

41. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for the defendants who elect to opt in to this action (the "FLSA Collective").

42. The defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

43. Plaintiff also brings this action on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

44. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

45. The claims of Plaintiff are typical of the claims of the Rule 23 Class.

46. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

47. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

    (b) What proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    (c) Whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper wages as required by law;

    (d) Whether Defendants have failed to make spread of hours payments pursuant to the NYLL;

    (e) Whether Defendants have violated the statement and notice requirements under the WTPA;

    (f) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

48. The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in its wholesale business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

49. Plaintiff has retained counsel competent and experienced in labor and employment litigation.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

51. It has been Defendants' persistent policy, pattern and practice to fail to pay its workers wages they are entitled.

52. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

    (a) Willfully failing to accurately record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of the Defendants;

    (b) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

    (c) Willfully failing to pay Plaintiff and the Class Members for all hours worked;

    (d) Willfully failing to retain tips that belong to Plaintiff and the Class Members;

    (e) Willfully failing to pay for MetroCards used by Plaintiff and the Class Members for the delivery work they performed for Defendants;

  (f) Willfully failing to meet the requirements under the WTPA.

53. Defendants' unlawful conduct has been widespread, repeated and consistent.

## COUNT I
## Unpaid Wages Under the FLSA

54. Plaintiffs realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

55. Plaintiff and other similarly situated employees/former employees worked more hours than those paid for by Defendants.

56. Defendants illegally withheld wages already earned by Plaintiff and other similarly situated employees/former employees.

57. Defendants willfully failed to pay Plaintiff and other similarly situated workers wages for hours worked in violation of 29 U.S.C. 206(a).

## COUNT II
## Unpaid Wages Under the NYLL

58. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

59. At all times relevant to this action, Plaintiff and other similarly situated employees/former employees were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Plaintiff and other similarly situated workers worked more hours than those paid for by Defendants.

61. Defendants illegally withheld wages already earned by Plaintiff and other similarly situated workers.

62. Defendants failed to pay Plaintiff and other similarly situated workers wages for hours worked in violation of New York Labor Law Article 6.

## COUNT III
**Minimum Wage Under the FLSA**

63. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

64. Defendants failed to pay minimum wages to Plaintiff and other similarly situated workers, in violation of the FLSA.

65. As a result, Plaintiff and other similarly situated workers suffered damages.

## COUNT IV
**Minimum Wage Under the NYLL**

66. Plaintiffs realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

67. Defendants failed to pay minimum wages to Plaintiff and other similarly situated workers, in violation of the NYLL.

68. As a result, Plaintiffs and other similarly situated workers suffered damages.

## COUNT V
**Wage Theft Prevention Act under the New York Labor Law**

69. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

70. Defendants willfully violated Plaintiff's rights by failing to provide him with proper wage notices and wage statements as required by the Wage Theft Prevention Act. The wage notices and wage statements provided to Plaintiff were incorrect and misleading.

71. Defendants' such illegal practices also applied to other similarly situated workers.

## COUNT VI
### Unlawful Retained Gratuities Under the NYLL

72. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

73. Defendants unlawfully retained tips paid by customers to Plaintiff and other similarly situated workers, in violation of the N.Y. Lab. Law §196-d.

## COUNT VII
### Failure to Reimburse Expenses under the FLSA

74. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

75. Defendants failed to reimburse expenses for the MetroCards used by Plaintiff and other similarly situated workers, in violation of 29 U.S.C. §206(a) and 29 C.F.R. §531.35.

## COUNT VIII
### Failure to Reimburse Expenses under the NYLL

76. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

77. Defendants failed to reimburse expenses for the MetroCards used by Plaintiff and other similarly situated workers, in violation of N.Y. Lab. Law §§193 and 198-(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NYLL;

2. Injunction enjoining Defendants from further unlawful labor law practices;

3. Compensatory damages;

4. Liquidated damages;

5. Prejudgment interest;

6. Post-judgment interest;

7. Attorney's fees and costs;

8. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 24, 2020

                                             /s/Heng Wang
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, Suite 1000
New York, NY 10007
Tel:    (212) 203-5231
Fax:    (212) 203-5237

heng.wang@wanggaolaw.com

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I consent to be a plaintiff in the instant lawsuit to collect unpaid wages under the Fair Labor Standards Act and the applicable state laws.

Dated: 1/10/2020

*Abdul Rozier*
ABDUL ROZIER

## NOTICE OF INTENTION TO ENFORCE
## SHAREHOLDER/MEMBERS LIABILITY FOR SERVICES RENDERED

To: Marcus Hoed, Ariella Azogui, and Aviv Siso

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of OLME.US, LLC, DUTCH EXPRESS, LLC, DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS, and DUTCH EXPRESS II, LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: January 24, 2020
      New York, NY

                                            _/s/ Heng Wang_
                                            By: Heng Wang (HW0786)
                                            Heng Wang & Associates, P.C.
                                            305 Broadway, Suite 1000
                                            New York, NY 10007
                                            Tel:    (212) 513-1183
                                            Fax:   (646) 572-8998

                                            heng.wang@wanggaolaw.com

                                            *Attorneys for Plaintiffs, proposed FLSA Collective*
                                            *and potential Rule 23 Class*

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS/MEMBERS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To: OLME.US, LLC, d/b/a DUTCH EXPRESS,
DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS,
DUTCH EXPRESS, LLC, d/b/a DUTCH EXPRESS
DUTCH EXPRESS II, LLC, d/b/a DUTCH   EXPRESS,

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: January 24, 2020

           ___/s/Heng Wang_____
           By: Heng Wang (HW0786)
           Heng Wang & Associates, P.C.
           305 Broadway, Suite 1000
           New York, NY 10007
           Tel: (212) 513-1183
           Fax: (646) 572-8998

           heng.wang@wanggaolaw.com

           *Attorneys for Plaintiffs, proposed FLSA Collective*
           *and potential Rule 23 Class*

| | |
|---|---|
| 305 Broadway, Suite 1000<br>New York, NY 10007<br>Telephone: (212) 203-5231<br>Facsimile:  (212) 203-5237 | *Knowledge, Focus, Expertise*<br><br>**HENG WANG &<br>ASSOCIATES P.C.** |

January  24, 2020

**VIA ECF FILING & THEN VIA PROCESS SERVER**
OLME.US, LLC, d/b/a DUTCH EXPRESS,
DUTCH EXPRESS INC, d/b/a DUTCH EXPRESS,
DUTCH EXPRESS, LLC, d/b/a DUTCH EXPRESS
DUTCH EXPRESS II, LLC, d/b/a DUTCH
EXPRESS, MARCUS HOED, ARIELLA AZOGUI,
AVIV SISO, JOHN DOE 1-5, and COMPANY
ABC 1-5
Dutch Express Inc.
621 West 55th St.
New York City, New York 10019

   **RE:** **Abdul A. Rozier v. OLME.US, LLC,** *et al.*
      **Case No.: 1:20-cv-548**
      <u>**LITIGATION HOLD NOTICE**</u>

Dear All Defendants,

  We write to you concerning the lawsuit filed against each of you in the United States District Court, Southern District of New York wherein the Plaintiff Abdul A. Rozier and all similarly situated persons who work or have worked for the defendants seek recovery of unpaid wages, failure to reimburse expenses **,** and related relief, pursuant to the federal and state wage and hour laws. Among other things, the Plaintiff has asserted that you have failed to compensate her for all hours worked.

  This lawsuit will be governed by the Federal Rules of Civil Procedure, which apply to all lawsuits filed in United States federal courts such as the one in the Southern District of New York.  Pursuant to the Federal Rules of Civil Procedure, every party to a lawsuit has a duty to preserve all evidence relevant to this legal dispute. In order to comply with the Federal Rules of Civil Procedure, it is important that you place a "Litigation Hold" on any information and/or materials that are potentially relevant to the Plaintiff's claims by (1) identifying and segregating any such potentially relevant information and/or materials; and (2) suspending the application of any routine and/or automatic document destruction practices that you may have as to any such potentially relevant information or materials. Your failure to properly enact a Litigation Hold and preserve the potentially relevant information and/or materials may lead to the Plaintiff's application for sanctions, which may include, but not limited to, the imposition of monetary sanctions, the direction that negative inferences be drawn based upon the unavailability of the potentially relevant information and/or materials, the

creation of separate causes of action for fraudulent concealment of evidence and/or spoliation of evidence, or the dismissal of your Answer to the Complaint resulting in a default decision on the Plaintiff's behalf, and potentially on behalf of a collective and/or class of other plaintiffs.

The duty to preserve evidence is broad and extends to all documents, regardless of whether the document is stored electronically (such as emails, computer files, or other electronic records and files) or in hard-copy and regardless of the type of document. For example, reports, spreadsheets, photographs and videotapes are all considered documents that must be preserved. Furthermore, the duty to preserve this documentary evidence extends to all documents in existence as of the time you reasonable anticipated this litigation.

Based on the claims asserted in the Complaint, all information and/or materials concerning the Plaintiff through and including the termination of her employment to the present, as well as all information and/or materials concerning your pay practices concerning ALL employees and former employees in the past six (6) years are potentially relevant to these disputes.

To ensure that all relevant documents are preserved, you should communicate directly with all employees who have possession or control of potentially relevant evidence, including but not limited to personnel who deal with physical and/or electronic files retention, deletion, and archiving. You should advise each of these employees to preserve any relevant documents in their custody. Furthermore, you should advise all such persons that any regularly scheduled and/or automatic deletion of email or other electronic documents must be discontinued with respect to any relevant data. In addition, any document destruction (such as shredding of documents) must cease with respect to any relevant documents. All relevant documents, both electronic and paper, must be preserved for the duration of this litigation.

Please do not hesitate to contact us should you have any questions or concerns involving these obligations.

Sincerely,

*/s Heng Wang*_____
**HENG WANG & ASSOCIATES, P.C.**
By: Heng Wang, Esq.
305 Broadway, Suite 1000
New York, NY 10007
Tel:     (212) 513-1183
Heng.wang@wanggaolaw.com
*Attorney for Plaintiff*